IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL LEE SARGENT                                                                                    PLAINTIFF

v.               Civil No. 2:24-cv-02028-PKH-MEF

OFFICER HAMBY,
Van Buren Police Department;
OFFICER TREEWILLIGER,
Van Buren Police Department; and
OFFICER REED                                                                                               DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

### I.   DISCUSSION

Plaintiff, Michael L. Sargent, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 28, 2024. (ECF No. 1). Plaintiff is proceeding *pro se.* Plaintiff is incarcerated in the Crawford County Detention Center.

Because both his Complaint and Motion to Proceed *in forma pauperis* (IFP) were deficient, Plaintiff was ordered to file an Amended Complaint and a complete IFP application by March 20, 2024. (ECF No. 3). Plaintiff was informed that failure to comply with the Order "shall subject the case to dismissal." Plaintiff filed his Amended Complaint on March 8, 2024. (ECF No. 5). He also filed another IFP Motion; however, this Motion to proceed IFP was again deficient. (ECF No. 6). He failed to have the certificate of account regarding funds being held in his name completed by detention center officials. An Order was entered informing Plaintiff of this deficiency and advising him that the certificate of account was necessary before the Court could

rule on his IFP application. (ECF No. 7). Plaintiff was given until April 1, 2024, to provide the necessary certificate of account. Plaintiff was advised that failure to comply with the Order "shall subject the case to dismissal."

Plaintiff failed to provide the Court with his certificate of account. On April 3, 2024, out of an abundance of caution and to ensure procedural fairness, a Show Cause Order was entered. (ECF No. 8). Plaintiff was given until April 24, 2024, to show cause for his failure to obey the Orders of the Court.

To date, Plaintiff has not submitted his certificate of account. He has not responded to the Show Cause Order. No mail has been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.  CONCLUSION

For these reasons, it is recommended that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case; his failure to obey the orders of the Court; and his failure to comply with Local Rule 5.5(c)(2). Further, it is recommended that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**Status of Referral:   The referral terminates upon the filing of this Report and

Recommendation.

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 29th day of April 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE